CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CHUTIPAN BIPIMOON,
KUNYARUT KAEWKAW,
and RADFA CHARERNTAWEERAT,

Plaintiffs,

- against -

J&I PRODUCTS CORPORATION
dba SPICY SHALLOT RESTAURANT, and
JAMES LAM, and INTHIRA LAM,
individually,

Defendants.

Case No.: 17 cv 3509

**COMPLAINT IN AN FLSA ACTION**

---

Plaintiffs, Chutipan Bipimoon, Kunyarut Kaewkaw, and Radfa Charerntaweerat ("Plaintiffs"), by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, J&I Products Corporation dba Spicy Shallot Restaurant, or any other business entity doing business as Spicy Shallot, located 77-01 Woodside Avenue, Elmhurst, New York 11373 (herein, "Spicy Shallot"), and James Lam, and Inthira Lam, individually, (all defendants collectively referred to herein as the "Defendants"), and state as follows:

### INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid

wages and minimum wages; (2) unpaid overtime compensation; (3) liquidated damages; (4) prejudgment and post-judgment interest; and, (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premiums for each day they worked in excess of ten (10) hours; (4) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (5) pre-judgment and post-judgment interest; and, (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult residents of Queens County in New York City.

6. Defendant, Spicy Shallot, is a domestic corporation, organized and existing under the laws of the State of New York, with a principal place of business located at 77-01 Woodside Avenue, Elmhurst, New York 11373.

7. Upon information and belief, Defendant, James Lam, is an owner, officer, director and/or managing agent of Spicy Shallot, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Spicy Shallot and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d)

and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Spicy Shallot.

8. Upon information and belief, Defendant, Inthira Lam, is an owner, officer, director and/or managing agent of Spicy Shallot, whose address is unknown at this time and who participated and continues to participate in the day-to-day operations of Spicy Shallot and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Spicy Shallot.

9. Plaintiff Chutpian Bipimoon was employed by the Defendants, in Queens County, New York, as a cook, for Defendants' Thai restaurant, from approximately September 2015 until on or about March 1, 2017.

10. Plaintiff Kunyarut Kaewkaw was employed by the Defendants, in Queens County, New York, as a cook, for Defendants' restaurant, from approximately May 7, 2016 until on or about March 1, 2017.

11. Plaintiff Radfa Charerntaweerat was employed by the Defendants, in Queens County, New York, as a cook, for Defendants' restaurant, from approximately January 2017 until on or about March 31, 2017.

12. At all relevant times, Spicy Shallot was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiffs was directly essential to the business operated by Spicy Shallot.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned minimum wages in contravention of the FLSA and New York Labor Law.

15. At all relevant times, Defendants paid Plaintiffs a "daily rate", not hourly, and knowingly and willfully failed to pay Plaintiffs lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law

16. At all relevant times, Defendants failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

17. Plaintiffs have satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS
### a. Chutipan Bipimoon

18. In or about September 2015, Plaintiff, Chutipan Bipimoon, was hired by the Defendants to work as a cook at Defendants' restaurant known as "Spicy Shallot", located at 77-01 Woodside Avenue, Elmhurst, New York.

19. Plaintiff Chutipan Bipimoon continued to work for the Defendants in such capacity until on or about March 1, 2017.

20. During Chutipan Bipimoon's employment by Defendants, he generally worked over forty (40) hours per week.

21. Plaintiff Chutipan Bipimoon normally worked between eleven (11) to fourteen (14) hours per day, five (5) days per week, for an approximate total of sixty-two (62) work hours per week. He was not paid proper overtime wages. Plaintiff was paid a daily salary of $115.00; increased to $120.00 per day in January 2016; further increased to $130.00 per day in September 2016, through the end of his employment in March 2017. Plaintiff was not paid for all hours worked, and work performed above forty (40) hours per week was not paid at time and one-half plaintiff's regular rate, as required by state and federal law.

22. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage and overtime rate (of time and one-half) or the New York State minimum wage and overtime rate (of time and one-half) to Plaintiff Chutipan Bipimoon for work performed over forty (40) hours in a workweek.

23. Plaintiff Chutipan Bipimoon was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, hourly rate, any deductions, and compensation.

24. Defendants paid Plaintiff Chutipan Bipimoon for less hours than he actually worked.

### b. Kunyarut Kaewkaw

25. In or about May 2016, Plaintiff, Kunyarut Kaewkaw, was hired by the Defendants to work as a cook at Defendants' Thai restaurant known as "Spicy Shallot", located at 77-01 Woodside Avenue, Elmhurst, New York.

26. Plaintiff Kunyarut Kaewkaw continued to work for the Defendants in such capacity until on or about March 1, 2017.

27. Plaintiff Kunyarut Kaewkaw normally worked more than forty (40) hours per week. He was not paid proper minimum wages for all hours worked, and overtime compensation. Plaintiff Kunyarut Kaewkaw normally worked eleven (11) hours per day, five (5) days per week, for an approximate total of fifty-five (55) work hours per week. Plaintiff was paid a daily salary of $100.00; increased to $100.00 per day in January 2017. Plaintiff was not paid for all hours worked, and work performed above forty (40) hours per week was not paid at time and one-half plaintiff's regular rate, as required by state and federal law.

28. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage and overtime rate (of time and one-half) or the New York State minimum wage and overtime rate (of time and one-half) to Plaintiff Kunyarut Kaewkaw for work performed over forty (40) hours in a workweek.

29. Plaintiff Kunyarut Kaewkaw was paid entirely in cash and not provided with a wage statement or any other documentation of his weekly hours, hourly rate, any deductions, and compensation.

30. Defendants paid Plaintiff Kunyarut Kaewkaw for less hours than he actually worked.

### c. Radfa Charerntaweerat

31. In or about January 2017, Plaintiff, Radfa Charerntaweerat, was hired by the Defendants to work as a cook at Defendants' Thai restaurant known as "Spicy Shallot", located at 77-01 Woodside Avenue, Elmhurst, New York.

32. Plaintiff Radfa Charerntaweerat worked for the Defendants in such capacity until on or about March 31, 2017.

33. Plaintiff Radfa Charerntaweerat normally worked more than forty (40) hours per week. He was not paid proper minimum wages for all hours worked, and overtime compensation. Plaintiff Radfa Charerntaweerat normally worked eleven (11) hours per day, five (5) days per week, for an approximate total of fifty-five (55) work hours per week. Plaintiff was paid a daily salary of $150.00. Plaintiff was not paid for all hours worked, and work performed above forty (40) hours per week was not paid at time and one-half plaintiff's regular rate, as required by state and federal law.

34. At all relevant times, the Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage and overtime rate (of time and one-half) or the New York State minimum wage and overtime rate (of time and one-half) to Plaintiff Radfa Charerntaweerat for work performed over forty (40) hours in a workweek.

35. Plaintiff Radfa Charerntaweerat was paid entirely in cash and not provided with a wage statement or any other documentation of her weekly hours, hourly rate, any deductions, and compensation.

36. Defendants paid Plaintiff Radfa Charerntaweerat for less hours than she actually worked.

37. Defendant, James Lam, is an individual who, upon information and belief, owns the stock of Spicy Shallot, owns Spicy Shallot, and manages and makes all business decisions, including but not limited to, hiring and firing, the number of hours Plaintiffs would work, the wages and compensation the Plaintiffs received, and was Plaintiffs' employer, for purposes of the FLSA and New York Labor Law.

38. Defendant, Inthira Lam, is an individual who, upon information and belief, owns the stock of Spicy Shallot, owns Spicy Shallot, and manages and makes all business decisions, including but not limited to, hiring and firing, the number of hours Plaintiffs would work, the wages and compensation the Plaintiffs received, and was Plaintiffs' employer, for purposes of the FLSA and New York Labor Law.

39. At times, upon information and belief, during the course of Plaintiffs' employment, the Defendants failed to maintain accurate and sufficient time and pay records.

40. Defendants never provided any written notice or receipt to Plaintiffs and payroll records kept by the Defendants are believed to be incomplete and/or false.

## STATEMENT OF CLAIM
### COUNT I
### [Violation of the Fair Labor Standards Act]

41. Plaintiffs re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "40" of this Complaint as if fully set forth herein.

42. At all relevant times, upon information and belief, the Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, the Defendants employed Plaintiffs within the meaning of the FLSA.

43. Upon information and belief, at all relevant times, the Defendants had gross revenues in excess of $500,000.

44. Plaintiffs were entitled to be paid for all hours worked and at the rate of time and one-half the statutory minimum rate of pay for hours worked in excess of forty (40) each week.

45. At all relevant times, the Defendants had a policy and practice of refusing to pay wages for all hours worked, minimum wages for all hours worked, and overtime compensation at the statutory rate of time and one-half to Plaintiffs.

46. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

47. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs for their lawful wages, minimum wages, and overtime compensation, for hours worked when they knew or should have known such was due.

48. Defendants failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of

employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

49. Records, if any, concerning the number of hours worked by Plaintiffs and the actual compensation paid to Plaintiffs which may be in the possession and custody of the Defendants may be false as Plaintiffs were not given a weekly statement of their hours and wages.

50. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

51. As a direct and proximate result of the Defendant's willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

52. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, minimum wages, and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

53. Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

54. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

**COUNT II**
**[Violation of the New York Labor Law]**

55. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

57. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs wages for all hours worked; minimum wages; and overtime wages in the lawful amount for hours worked in excess of forty (40) hours per workweek.

58. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay "spread of hours" premiums to Plaintiffs for each day he or she worked more than ten (10) hours pursuant to New York State Department of Labor Regulations § 142-2.4.

59. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants their unpaid wages; minimum wages; overtime wages; unpaid "spread of hours" premiums; reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1), *et al.*, and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

60. Plaintiffs re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "59" of this Complaint as if fully set forth herein.

61. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

62. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

63. Defendants did not provide Plaintiffs, with a written statement properly accounting for their actual hours worked, and setting forth his hourly rate of pay, regular wage, and/or overtime wages.

64. Upon information and belief, Defendants' record keeping practices were intended to, and did in fact, disguise the actual number of hours the employees worked, in order to avoid paying them for their full hours worked; and, overtime due.

65. Defendants willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

66. Plaintiffs were not provided with true and accurate wage statements as required by law.

67. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Chutipan Bipimoon, Kunyarut Kaewkaw, and Radfa Charerntaweerat, respectfully request that this Court grant the following relief:

(a) An award of unpaid wages, minimum wages, and overtime compensation due under the FLSA and New York Labor Law;

(b) An award of liquidated as a result of the Defendants' willful failure to pay overtime wages pursuant to 29 U.S.C. § 216;

(c) An award of liquidated damages as a result of the Defendants' failure to pay wages and overtime compensation pursuant to the New York Labor Law;

(d) An award of statutory penalties for failing to comply with the annual and weekly notice requirements of the New York State Wage Theft Prevention Act;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses of this action together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 12, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
**Attorneys for Plaintiffs**
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcplaw.com

By: _____
Peter H. Cooper (PHC 4714)

# CONSENT TO SUE UNDER
# FAIR LABOR STANDARDS ACT

I, __Kunyarut Kaewkaw__, am an employee currently or formerly employed by __Spicy Shallot__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__May 18,__ , 2017

_____

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Chutipan Bipimoon__, am an employee currently or formerly employed by __Spicy Shallot__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__May 12__, 2017

_____

# CONSENT TO SUE UNDER
# FAIR LABOR STANDARDS ACT

I, __Radfa Charerntaweerat__, am an employee currently or formerly employed by __Spicy Shallot__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__June 6__, 2017